# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN AMISON, | ) | CASE NO.  5:14-cv-00987 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE BURKE |
| | ) | |
| | ) | |
| CANTON OHIO POLICE | ) | REPORT and RECOMMENDATION |
| DEPARTMENT, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This case is before the undersigned United States Magistrate Judge pursuant to a referral for general pretrial supervision.  Doc. 7.  Plaintiff Steven Amison ("Plaintiff" or "Amison") filed a *pro se* Complaint against the Canton Police Department, Officer Schackle and Officer Legg. Doc. 1.   As discussed below, Plaintiff has failed to prosecute this action.  Accordingly, the undersigned recommends that the Court **DISMISS** this case without prejudice.

## I.      Background

The Plaintiff filed his complaint on May 7, 2014.  Doc. 1.   In his Complaint, Plaintiff stated that his place of confinement was Lorain Correctional Institution and listed his address as 2075 South Avon Belden Rd., Grafton, OH 44044.  Doc. 1, pp. 2, 3.  Plaintiff sought leave to proceed in forma pauperis.  Doc. 2, Doc. 4.  On May 16, 2014, Plaintiff filed a Memorandum in Support of his case.  Doc.3.   On October 30, 2014, the Court granted Plaintiff's request to proceed in forma pauperis and issued a Memorandum Opinion and Order dismissing Defendants Canton Police Department and Officer Schackle.  Doc. 5,  Doc. 6.  The only remaining

Defendant is Officer Legg.  Doc. 6.  On October 30, 2014, the Court mailed a copy of its Order

on Motion to proceed in forma pauperis (Doc. 5), Memorandum Opinion and Order (Doc. 6),

and Order of Referral (Doc. 7), to Plaintiff Steven Amison, #652444, Lorain Correctional, 2075

S. Avon-Belden Road, Grafton, OH 44044.  *See* October 30, 2014, docket entry.  On October 31,

2014, original summons was issued to U.S. Marshal for service upon Officer Legg.[1]  Doc. 8.

On November 6, 2014, copies of Doc. 5, Doc. 6, Doc. 7 Orders mailed to Lorain

Correctional were returned to the Court with a handwritten notation "released 10/1/14" and with

a typed notation "return to sender, refused, unable to forward."  Doc. 9.  The docket also reflects

that an Ohio and Federal inmate search yielded no information as to Plaintiff.  *See* November 6,

2014, docket entry.

On November 26, 2014, Defendant Officer Legg filed his Answer.  Doc. 11.  Thereafter,

on December 2, 2014, the Court entered an Order scheduling a telephone conference for January

14, 2015, at 2:00 p.m.  Doc. 12.  Plaintiff was reminded of his obligation to file a change of

address with the Clerk of Court and warned that his failure to do so or his failure to participate in

the telephone conference could result in dismissal of his case for failure to prosecute.  Doc. 12.

On December 2, 2014, the Court mailed a copy of its December 2, 2014, Order (Doc. 12) to

Plaintiff Steven Amison, #652444, Lorain Correctional, 2075 S. Avon-Belden Road, Grafton,

OH 44044, "return service requested."  *See* December 2, 2014, docket entry.  On December 11,

2014, that mailing was returned to the Court with a handwritten notation "released 10/1/14" and

a typed notation "return to sender, refused, unable to forward."  Doc. 13.

On January 15, 2014, the Court conducted the telephone conference.  Doc. 14.

Defendant's counsel participated on behalf of Defendant Officer Legg.  Doc. 14.  Plaintiff did

---

[1] Return of service was filed on November 18, 2014, indicating service by U.S. Marshal upon Officer Legg via
certified mail on November 12, 2014.  Doc. 10.

not contact the Court to participate in the telephone conference.  Doc. 14.  The Court thereafter terminated the telephone conference.  Doc. 14.  Plaintiff has not filed a change of address with the Clerk of Court.

## II.    Law and Analysis

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or pursuant to Fed.R.Civ.P. 41(b) (involuntary dismissal on motion).  *Link v. Wabash R. Co*., 370 U.S. 626, 629-632 (1962).  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*., 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). *Knoll*, 176 F.3d at 363.  Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

With respect to the first factor, it is unknown why Plaintiff has failed to prosecute his case.  However, it appears that Plaintiff has abandoned his case.  The last filing made by Plaintiff occurred on June 17, 2014, while he was incarcerated.  Doc. 4.  Since his release from prison on October 1, 2014, Plaintiff has made no filings with this Court nor has he notified the Court of his

current address.  In light of his apparent abandonment, Plaintiff cannot expect Defendant Officer Legg to continue to defend the action nor can he expect this Court to locate him when he has provided no means for the Court to do so.  *See McClellan v. Mack*, 2012 WL 4461520, * 4 (N.D. Ohio Feb. 23, 2012), *report and recommendation adopted*, 2012 WL 4461523 (Sept. 25, 2012) (relying on *Marshek v. Marske*, 2009 WL 160256, * 4 (E.D.  Mich. Jan. 22, 2009).

With respect to the second factor, Defendant Officer Legg has filed an Answer to Plaintiff's Complaint and his counsel has been required to and did participate in a telephone conference.  Doc. 11, Doc. 12, Doc. 14.   Although the prejudice to Defendant Officer Legg may be minimal at this point, Defendant Officer Legg has nonetheless been required to defend against an action brought by Plaintiff.

With respect to the third factor, on December 2, 2014, the Court warned Plaintiff that his failure to file a change of address or participate in the January 14, 2015, telephone conference could result in "dismissal of his case for failure to prosecute."   Doc. 12.  That Order, which was mailed to Plaintiff at his last known address, was returned to the Court "return to sender, refused, unable to forward."  *See* December 2, 2014, docket entry.  While the return of the Order to the Court may raise concerns over whether Plaintiff was in fact warned of the possibility of dismissal, the failure of delivery of the Order to Plaintiff is the result of Plaintiff's failure to notify the Court of his current, valid mailing address.  Further, the Court took steps to warn Plaintiff of the consequences of his failure to act and did so in a publicly filed Order.  Thus, even though the December 2, 2014, Order may not have been received by Plaintiff, that fact should not weigh against dismissal for failure to prosecute.  *See McClellan*, 2012 WL 4461520, * 3 (indicating that the Supreme Court has "held that 'the absence of notice as to the possibility of

dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void'") (quoting *Link*, 370 U.S. at 632).

With respect to the fourth factor, while measures other than dismissal for failure to prosecute have not been imposed or considered, there would be "little purpose in doing so where the Court does not have a current address for plaintiff." *McClellan*, 2012 WL 4461520, * 4 (quoting *Marshek*, 2009 WL 160256, * 5).  The undersigned is recommending a dismissal without prejudice, which is a less drastic measure than dismissal with prejudice.  *See* Fed.R.Civ.P. 41(b) (allowing for a dismissal for failure to prosecute to operate as an adjudication on the merits).

Accordingly, after considering the factors set forth in *Knoll*, the undersigned concludes that dismissal for failure to prosecute is warranted.

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** Plaintiff's Complaint without prejudice for failure to prosecute.

January 20, 2015

_____
U.S. Magistrate Judge
KATHLEEN B. BURKE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).